UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

:

**JOE LIEBER, KAREN ELIZABETH HARMS**,
and **DARIN STRAUSS**, individually and on behalf
of all others similarly situated,

:

:

:

                                    Plaintiffs,              :   **MEMORANDUM DECISION AND
                                                                 ORDER**

                                                             :

            – against –                                      :   25-CV-488 (AMD) (LKE)

                                                             :

**IGLOO PRODUCTS CORP.**,                                    :

                                                             :

                                    Defendant.               :

------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

The plaintiffs brought this putative class action alleging that the defendant made false and

misleading representations that constitute deceptive and unfair trade practices under New York

General Business Law ("NYGBL") § 349, *et seq.*, false advertising under NYGBL § 350, *et seq.*,

a breach of express warranty under New York Uniform Commercial Code § 2-313, and, in the

alternative, unjust enrichment. (ECF No. 24.) On February 2, 2026, Judge Allyne Ross granted

in part and denied in part the defendant's motion to dismiss the second amended complaint; she

granted the defendant's motion to dismiss the breach of express warranty and unjust enrichment

claims, and denied the motion to dismiss the NYGBL claims. (ECF No. 37.)[1] Before this Court

is the defendant's partial motion for reconsideration of the Order under Local Rule 6.3. (ECF

No. 38.) For the reasons explained below, the motion is denied.

---

[1] Judge Ross retired in January 2026. This case was reassigned to this Court on February 3, 2026. (*See
ECF Order Dated Feb. 3, 2026.*)

**LEGAL STANDARD**

A party may move for reconsideration under Local Civil Rule 6.3 based on "matters or controlling decisions which counsel believes the Court has overlooked." E.D.N.Y. Local Civ. R. 6.3. A motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) or 60(b) "is the proper vehicle for bringing to the Court's attention matters it may have overlooked in its initial ruling." *Pall Corp. v. 3M Purification, Inc.*, Nos. 97-CV-7599, 03-CV-92, 2015 WL 5009254, at *1 (E.D.N.Y. Aug. 20, 2015) (citing E.D.N.Y. Local Civ. R. 6.3); *Arnold v. Geary*, 981 F. Supp. 2d 266, 268–69 (S.D.N.Y. 2013) ("[T]he standards for a motion for reconsideration under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are identical."), *aff'd*, 582 F. App'x 42 (2d Cir. 2014).

A motion to alter or amend a judgment under Rule 59(e) "is treated as an extraordinary remedy that is to be employed sparingly." *Moon Rocket Inc. v. City of New York*, No. 24-CV-4519, 2025 WL 2324074, at *2 (S.D.N.Y. Aug. 12, 2025) (citation modified); *see also Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) ("The standard for granting such a motion is strict." (citation omitted)). "A court may grant a Rule 59(e) motion only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Phillips v. Metro. Transp. Auth.*, No. 21-CV-5679, 2025 WL 2889272, at *1 (E.D.N.Y. Sept. 17, 2025) (quoting *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142–43 (2d Cir. 2020)). "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Kelly v. LCL Constr. Servs. LLC*, No. 23-CV-7566, 2025 WL 1787169, at *2 (E.D.N.Y. June 27, 2025) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). "A party's 'disagreement' with the

court's 'explication of the relevant legal standards and application of the standards to the facts of th[e] case' does not justify the grant of a motion for reconsideration." *Id.* (quoting *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 398 (S.D.N.Y. 2018)).

Rule 60(b) allows the Court to relieve a party from a final judgment or order in certain circumstances — for example, if the judgment or order was procured by fraud, or if new evidence has surfaced that could not have been discovered earlier with reasonable diligence. Fed. R. Civ. P. 60(b). However, "[s]ince [Rule] 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances" (citation modified)). Thus, "[a] Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (citation omitted).

## DISCUSSION

The defendant seeks reconsideration of Judge Ross's conclusion that, at this stage of the case, the named plaintiffs have standing to bring class action claims related to products that they did not purchase but that have the same representations as products the named plaintiffs did purchase: the "Made in the USA" or made with "recycled content" representations. (ECF No. 38 at 1.)

In her thoughtful and meticulous opinion, Judge Ross held that the "nature and content of the specific misrepresentation alleged" for "both purchased and unpurchased" products "are sufficiently similar to support [the] [p]laintiffs' class standing at this time" because the products

3

"were all sold and marketed by [the] defendants and possessed the same allegedly deceptive representation that the products were made of recycled contents or made in the United States." (ECF No. 37 at 19–20.)  In making this ruling, Judge Ross cited similar cases in this circuit in which courts denied motions to dismiss for lack of class standing related to unpurchased products.  (*Id.* (citing *Suarez v. California Nat. Living, Inc.*, No. 17-CV-9847, 2019 WL 1046662, at *5 (S.D.N.Y. Mar. 5, 2019) (finding plaintiff had class standing to challenge unpurchased products where the products were "sold and marketed by defendant," "labeled and marketed as 'natural' (or, in one instance, 'naturally perfect for the whole family')," and "plaintiff alleges each product contains one or more synthetic ingredients"); *Buonasera v. Honest Company, Inc.*, 208 F. Supp. 3d 555, 559, 563 (S.D.N.Y. 2016) (finding plaintiff had class standing as to thirty-nine unpurchased cosmetics products allegedly mislabeled as "'natural,' 'all natural,' 'naturally derived,' 'plant-based,' and/or containing 'no harsh chemicals ever!,'" even where "the unpurchased products may contain different ingredients compared to the purchased products")).)  Judge Ross denied the defendant's motion without prejudice, permitting the defendant to raise the claim again at the class certification stage.  (*Id.* at 20.)

According to the defendant, Judge Ross did not "consider or address the[] controlling standards or the completely different bodies of proof that will be needed for the class claims." (ECF No. 38 at 2.)  The defendant states the rule in this circuit: that a plaintiff has standing to bring claims on behalf of absent class members only if the alleged conduct "implicates 'the same set of concerns' as the conduct alleged to have caused injury to other members of the putative class," and this standard is only met if "the proof contemplated for all the claims would be sufficiently similar" and "answer[] the same questions."  (ECF No. 38-1 at 8 (first quoting *NECA-IBEW Health & Welfare Fund v. Goldman Sachs*, 693 F.3d 145, 162 (2d Cir. 2012)

4

("*NECA*"); then quoting *Ret. Ed. of the Policemen's Annuity & Ben. Fund of the City of Chicago v. Bank of New York Mellon*, 775 F.3d 154, 161 (2d Cir. 2014) ("*Retirement Board*")).)  The defendant claims that the Court, at the motion to dismiss stage, must dismiss the plaintiffs' claims on standing grounds because the products are different — that the "hardside" cooler, which the plaintiffs bought, and a "softside" cooler, which they did not buy, are sufficiently different that the claims of misrepresentations "must be determined product-by-product using completely different bodies of proof," which precludes finding the named plaintiffs have class standing for the unpurchased products under *Retirement Board* and *DiMuro v. Clinique Laboratories, LLC*, 572 F. App'x 27, 29 (2d Cir. 2014) (summary order).  (ECF No. 38-1 at 11–14.)  The plaintiffs respond that Judge Ross applied the correct legal standard, and that the defendant is trying to "relitigate the same standing arguments the Court already considered and rejected."  (ECF No. 41 at 5.)

The defendant's arguments are not persuasive.  Judge Ross applied the class standing standard articulated in *NECA*: "[a] plaintiff in a putative class action has class standing if 'he plausibly alleges (1) that he personally has suffered some actual . . . injury as a result of the putatively illegal conduct of the defendant . . . and (2) that such conduct implicates the same set of concerns as the conduct alleged to have caused injury to other members of the putative class by the same defendants.'"  (ECF No. 37 at 19 (quoting *NECA*, 693 F.3d at 162 (citation modified)).)  Judge Ross acknowledged that "[d]istrict courts in this Circuit are divided over whether class standing should be resolved at the pleading stage or the class certification stage," but agreed with the courts that denied motions to dismiss on class standing grounds when the unpurchased products were sufficiently similar to the purchased products.  (*Id.* at 19–20 (citing *Suarez*, 2019 WL 1046662, at *5; *Buonasera*, 208 F. Supp. 3d at 559, 563).)

5

For example, in *Suarez*, "[e]ach product [wa]s allegedly (i) a cosmetic product (ii) sold and marketed by defendant and (iii) labeled and marketed as 'natural,' . . . and (iv) plaintiff allege[d] each product contains one or more synthetic ingredients;" the court found "[t]hese similarities suffice to confer class standing at the motion to dismiss stage." *Suarez*, 2019 WL 1046662, at *5. Similarly, in *Buonasera*, the court held that "[a]lthough the unpurchased products may contain different ingredients compared to the purchased products," the alleged "misrepresentation claimed with respect to the unpurchased products is sufficiently similar to the misrepresentation for the purchased products" for class standing at the motion to dismiss stage. *Buonasera*, 208 F. Supp. at 563 (citing *DiMuro*, 572 F. App'x at 29). Judge Ross did not "overlook[] the controlling standards" in the Second Circuit precedent or the parties' briefing, as the defendant claims. (ECF No. 38-1 at 9–10.) Rather, the defendant does not agree with her decision, but that is not a basis for granting reconsideration.

"Rule 59 is not a vehicle for . . . taking a second bite at the apple," nor can "[a] party's 'disagreement' with the court's 'explication of the relevant legal standards and application of the standards to the facts of th[e] case' . . . justify the grant of a motion for reconsideration." *Kelly*, 2025 WL 1787169, at *2 (citations omitted). The same is true for a Rule 60(b) motion. *See Maldonado*, 490 F. App'x at 406 ("A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." (citation omitted)). Accordingly, the motion is denied.[2]

---

[2] The Court declines to consider the interrogatories on which the defendant relies, which it did not submit to Judge Ross. A motion for reconsideration is not an opportunity for the defendant to submit new information or claims. *See 421-A Tenants Ass'n Inc.*, 2017 WL 6611307, at *1 (E.D.N.Y. Dec. 7, 2017), *aff'd*, 760 F. App'x 44.

## CONCLUSION

For these reasons, the defendant's motion for reconsideration is denied.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
May 12, 2026

7